# EXHIBIT C

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | | |
|---|---|---|
| Securities and Exchange Commission | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:21-cv-12971-ZNQ-RLS |
| Princeton Alternative Funding, LLC, Microbilt Corporation et al. | ) ) ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Lawrence West
SEC Whistleblower Consultants LLC, 1815 19th Street, NW, Unit 4, Washington, DC 20009

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule "A"

| Place: Armstrong Teasdale LLP<br>1050 Connecticut Avenue NW<br>Washington, DC 20035 | Date and Time:<br>10/05/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/15/2022

CLERK OF COURT

OR

/s/ Richard L. Scheff, Esq.

*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
Princeton Alternative Funding, LLC, Microbilt Corporation, et al. , who issues or requests this subpoena, are:
Richard L. Scheff, Esq. (rlscheff@atllp.com) and Daniella Gordon, Esq. (dgordon@atllp.com) Phone: (267) 780-2017
Armstrong Teasdale LLP, 2005 Market Street, One Commerce Square, 29th Floor, Philadelphia, PA 19103

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# SCHEDULE "A"

## TO SUBPOENA TO PRODUCE DOCUMENTS INFORMATION OR OBJECTS
## Case No. 3:21-cv-12971-ZNQ-RLS

### DEFINITIONS

As used in these Requests, the terms listed below have the following definitions, unless specified otherwise:

"You," "Your," "Lawrence," "West" or "Attorney West" means Lawrence West and all agents, partners, consultants, as well as any and all Persons acting or purporting to act on its behalf.

"Ballard" means the law firm Ballard Spahr LLP.

"Katsiff" means Timothy D. Katsiff, Esq., a partner of Ballard.

"Axelrod" means David L. Axelrod, Esq., a partner of Ballard.

"Ranger" means Ranger Alternative Management II, LP.

"SEC" shall mean the United States Securities and Exchange Commission.

"Communication(s)" means the transmittal of information by any means, and includes any transfer of information, facts, ideas, opinions, inquiries, or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances.

"Document(s)" has the broadest meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure and encompasses any writing of any kind, including originals and non-identical copies (whether different from the original by reason of any notation made on such copies or otherwise).

## INSTRUCTIONS

The following instructions shall apply to the requests that follow:

1. Each requested document shall be produced in its entirety, including all attachments and enclosures. If a portion of a document is responsive to a request, produce the entire document, including all attachments, enclosures, "post-it"-type notes, and any other matter physically attached to the document. If a document responsive to any requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

2. Documents produced in response to these requests shall be produced in the same order as they are kept in the ordinary course of business and, where attached, shall not be separated or disassembled. If documents responsive to any request are normally kept in a file or folder, also produce that file or folder with any labels attached thereto, and indicate the company, division, department, and/or individual from whose files the document is being produced. If responsive documents are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs or any other method, produce such documents in that form.

The term "document" also includes all data or documentation that is stored on a computer or other storage device and/or can be printed on paper or tape, such as e-mail communications or other electronic communications, text messages (whether on personal or company-issued mobile device), instant messages, social media postings, Facebook messages, communications via LinkedIn, Snapchat, WhatsApp, Webex, Skype, Slack, Zoom, YouTube, or Instagram, and/or drafts of documents that are stored in a computer or word processor and information that has been input into a computer or other storage device. The term "document" shall also include

electronically stored information (ESI). "Electronically stored information"/"ESI" may be generated or stored in several locations, including workplace or personal computers, smartphones, tablets, databases, shared drives, the cloud, platforms for social media or other online content, devices connected to the Internet of Things (IoT), devices generating or storing geolocation data, workplace collaboration tools (WCTs), and ephemeral messaging applications.

The original or one copy of each document should be produced. Any copy of a document that varies in any way from the original or from any other copy of the document, whether by reason of handwritten (or other) notation or any omission, shall constitute a separate document that must be produced (regardless of whether the original of such document is within your possession, custody, or control). Except for electronic documents (such as Excel files) for which production in native format best preserves the document's characteristics, electronic documents, electronically stored information, and electronic mail shall be produced as single-page Group IV TIFF images, DAT file compatible with Relativity and image load file.

3. Electronic and computerized information must be produced in an intelligible format or together with a description of the system format from which it was derived sufficient to permit rendering of the materials intelligible. If You contend that any documents or information are not reasonably accessible, identify the documents or information, their location, and state the basis for Your contention.

4. These requests seek non-privileged documents within your possession, custody, or control, and each request should be read with that limitation. However, if you withhold or redact any document on the basis of any claimed privilege, please identify that document and the basis for withholding it in a privilege log.

**DOCUMENT REQUEST**

Produce the following documents, in accordance with the Instructions and Definitions set forth above:

1. Any and all documents and communications that West produced to the SEC on behalf of Robert Farrell and/or Robert Szostak regarding Ranger, Princeton Alternative Funding, LLC, Microbilt Corporation, Philip Burgess, Walter Wojciechowski and/or John Cook, Jr. with specific bates numbers.

2. Any and all documents and communications between West and the SEC regarding Ranger, Princeton Alternative Funding, LLC, Princeton Alternative Income Fund, Princeton Alternative Income Offshore Fund, Microbilt Corporation, Philip Burgess, Walter Wojciechowski and/or John Cook, Jr. with specific bates numbers.

3. Any and all communications between West and Ranger, including but not limited to communications by/with Nimrod Hacker and any other of Ranger's attorneys, agents or affiliates.

4. Any and all communications between West and Ballard, including but not limited to communications by/with Katsiff, Axelrod, and any other of Ballad's attorneys, agent or affiliates.

5. Any and all documents, notes, memoranda etc. written by West in connection with Ranger, Princeton Alternative Funding, LLC, Princeton Alternative Income Fund, Princeton Alternative Income Offshore Fund, Microbilt Corporation, Philip Burgess, Walter Wojciechowski and/or John Cook, Jr.

6. Any and all documents concerning communications between West and Robert Farrell and/or Robert Szostak in connection with Ranger, Princeton Alternative Funding, LLC, Princeton Alternative Income Fund, Princeton Alternative Income Offshore Fund, Microbilt Corporation, Philip Burgess, Walter Wojciechowski and/or John Cook, Jr.

7. Any engagement letter for consulting by West for Robert Farrell and/or Robert Szostak regarding any matter involving Ranger, Princeton Alternative Funding, LLC, Princeton Alternative Income Fund, Princeton Alternative Offshore Fund, Microbilt Corporation, Philip Burgess, Walter Wojciechowski and/or John Cook, Jr.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).