# EXHIBIT I

CONFIDENTIAL AND PRIVILEGED


RETAINER AGREEMENT

This agreement represents the understanding between Robert Farrell and Bert Szostak (collectively, the "Client") and SEC Whistleblower Consultants LLC ("SWC").

**Retention of SWC**

The Client retains SWC to provide assistance with respect to a submission of information to the US Securities and Exchange Commission ("SEC") and potential claim for award (the "SEC Whistleblower Claim") under pertinent sections of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, which allows payment of an award to persons who voluntarily provide original information to the SEC that leads to the successful enforcement of a covered judicial or administrative action. The Client has informed SWC that it filed a tip with the SEC on January 27, 2017, Case # TCR1485531185211, with allegations of securities law violations related to Princeton Alternative Funding and associated persons. Those allegations are hereby defined as "the Matter." Lawrence West of SWC will act as Client's consultant in the Matter.

**Scope of Representation**

1. The Client understands that the representation presently undertaken by SWC is limited to making its best efforts to obtain and maximize a whistleblower award for the Client in connection with the Matter, including representing the Client in any appeal from SEC determinations regarding an award.

2. The Client understands that by law the decision to make an award and the amount of any award are in the discretion of the SEC. In this regard, SWC's representation of the Client is limited to making its best efforts to obtain and maximize an award should an eligible enforcement action be instituted by the SEC as a result of information provided to the SEC by the Client. The Client understands that there is no guarantee of success and that there is limited ability to legally challenge the SEC's determination regarding an award.

4. The Client has been informed and understands that SWC does not and cannot represent him in connection with the negotiation and terms of this Retainer Agreement. Rather, SWC is acting on its own behalf in connection with the negotiation and terms of this Retainer Agreement. The Client is entitled and encouraged to review this Retainer Agreement with separate counsel.

5. The Client understands that the allegations in the SEC Whistleblower Claim will be prosecuted, if at all, by the SEC and/or other interested US federal or state agencies or self-regulatory organizations ("the Agencies"). The Client further understands that because any claims arising from the SEC Whistleblower Claim belong to the Agencies, the Agencies have the right to settle their claims without the Client's consent.

6.  SWC does not represent the Client in any matter other than as set forth above.

**Client's obligations**

7.  The Client agrees to promptly provide any and all information requested by SWC and to cooperate fully with the Agencies in connection with the SEC Whistleblower Claim, including but not limited to participating in interviews and meetings and answering questions truthfully. The Client agrees to inform SWC of any developments related to the Matter or related matters that come to the attention of the Client and to promptly inform SWC of any change of address or contact information.

**Attorney's Fees, Costs and Expenses**

8.  The Client understands that in the event of a successful SEC enforcement action related to the SEC Whistleblower Claim, the Client might be entitled to a portion of the monetary sanctions recovered (the "Whistleblower Share"). The total awards for all successful award claimants in a matter can range in total between 10 and 30 percent of amounts recovered by the Agencies. The Client agrees to pay SWC a contingent fee of one-third of the Whistleblower Share. The Client has been informed and understands that the above fee is not prescribed by law but has been negotiated between the Client and SWC. The Client agrees that the SEC will be directed to pay the Whistleblower Share, if any, to a client escrow account of SWC. After SWC receives the Whistleblower Share, it will, in turn, wire the funds to the Client's joint bank account, minus the one-third contingent fee.

9.  SWC agrees to advance its own funds for reasonable costs and expenses incurred in representing the Client.

10.  With respect to the SEC Whistleblower Claim, SWC and the Client understand and agree that the Client shall not be obligated to pay or to guarantee payment of any compensation to SWC for services rendered or costs and expenses incurred by SWC in the Matter other than as set forth in this Retainer Agreement. The one-third contingent fee includes compensation to SWC for services rendered and costs and expenses incurred.

11.  If SWC is discharged by the Client, as provided in paragraphs 13-15, and the Client proceeds with the SEC Whistleblower Claim, with or without substitute consultant or counsel, and the Client receives the Whistleblowers Share, the Client shall pay to SWC an amount equal to the reasonable value of services performed by SWC. SWC and the Client agree that the fair and reasonable value of such services is a pro rata share of the contingent fee defined in Paragraph 8, above, that is proportionate to the percentage of the hours expended by SWC compared with any hours reasonably expended after the discharge of SWC by substitute consultant or counsel or by the Client.

12.  The Client has been informed and understands that the fees set forth above are not prescribed by law but have been negotiated between the Client and SWC.

CONFIDENTIAL AND PRIVILEGED

## Termination of Representation

13. The Client may discharge SWC at any time by written notice to SWC.

14. If SWC determines at any time that it is no longer feasible or desirable to pursue the SEC Whistleblower Claim, SWC may, after providing 30 days written notice to the Client, withdraw from further representation as provided by law. Withdrawal with less than 30 days written notice is permitted only if SWC is required to withdraw sooner for ethical or legal reasons.

15. The Client will not object to SWC's decision to withdraw from this matter as long as he is given notice as described above.

## Arbitration

16. Should any unresolvable dispute arise between the parties regarding fees, or any other matter relating to this Retainer Agreement, the SEC Whistleblower Claim, or the engagement of counsel, including but not limited to the quality of services rendered, the parties agree to submit the dispute to binding arbitration pursuant to mutually agreed-upon procedures before a mutually agreed-upon arbitrator, or, if the parties are unable to agree upon an arbitrator and procedures, then pursuant to the then-applicable rules and procedures for commercial disputes of the American Arbitration Association ("AAA") and by arbitrator(s) selected by and through AAA. The parties further agree that all reasonable costs of arbitration, including the prevailing party's attorneys' fees, shall be borne by the unsuccessful party to the arbitration. The parties also agree that the arbitrator and the arbitration shall be in Washington DC and that District of Columbia law will apply. The parties acknowledge that this mutual agreement for binding arbitration is voluntary.

## Miscellaneous

17. The entire agreement between SWC and the Client relating to the subject matter of this Retainer Agreement is contained herein. No promises, inducements, or considerations have been offered, accepted, or given except as set forth herein. This Retainer Agreement supersedes any prior oral or written agreement concerning the subject matter of this Retainer Agreement.

18. Nothing in this Retainer Agreement and nothing in SWC's statements to the Client will be construed as a promise or guarantee about the outcome of this matter. There can be no assurance that the Client will recover any sum or sums in this matter. The Client acknowledges that SWC makes no such promises or guarantees and that SWC's comments about the outcome of this matter are expressions of opinion only.

19. This Retainer Agreement may not be modified, changed, altered, or amended in any way except in writing signed by both parties. The parties expressly agree that no oral

modification of this Retainer Agreement shall be effective, notwithstanding any provisions of the governing law that may allow for oral modification.

20. If any provision of this Retainer Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Retainer Agreement will be severable and will remain in effect.

21. The undersigned hereby acknowledges that he has read and understands the foregoing, that he has had the opportunity to consult with independent counsel, and that he agrees to the representation on the terms set forth in this Retainer Agreement.

CONFIDENTIAL AND PRIVILEGED

**THE UNDERSIGNED HAS READ AND AGREES TO THE FOREGOING FOUR (4) PAGES CONSISTING OF 21 PARAGRAPHS.  PARAGRAPH 16 INCLUDES AN AGREEMENT TO ARBITRATE AND THUS WAIVES RIGHTS TO COURT PROCEEDINGS AND JURY TRIA**L.

Dated: 2/3/2017  By: *Bob Farrell*
ROBERT FARRELL

Dated: 2/3/2017  By: *Robert W Szostak*
BERT SZOSTAK

Dated: _____  By: _____
SEC WHISTLEBLOWER CONSULTANTS LLC