# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | Civil Action No. 1:23-mc-00025-TJK |
| | : | |
| | : | Judge Hon. Timothy J. Kelly |
| Plaintiff, | : | |
| | : | |
| v. | : | Case in other Federal Court: |
| | : | |
| PRINCETON ALTERNATIVE FUNDING, LLC, MICROBILT CORPORATION, PHILIP N. BURGESS, WALTER WOJCIECHOWSKI, and JOHN COOK, JR., | : | District of New Jersey |
| | : | 3:21-cv-12971-ZNQ-RL |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' STATUS REPORT REGARDING
## THEIR MOTION TO COMPEL COMPLIANCE OF
## LAWRENCE WEST WITH THIRD PARTY DOCUMENT
## SUBPOENA FOR MATTER ARISING IN THE DISTRICT OF NEW JERSEY

Defendants Princeton Alternative Funding, LLC, MicroBilt Corporation, Philip N. Burgess, Jr., Walter Wojciechowski, and John Cook, Jr. ("Defendants"), by and through newly retained counsel, hereby submit this Status Report as requested by the Court in its May 3, 2023 Minute Order (the "Minute Order"). Defendants acknowledge that this Court's Minute Order requested this Status Report to have been filed on or before May 10, 2023. However, Defendants only learned of the Court's Minute Order after newly retained counsel had checked the docket in order to enter their appearance.[1] Defendants request the Court's indulgence with the delay in the filing of this Status Report.

In short, this matter concerns Defendants' motion to compel (ECF #2) the compliance of Lawrence West ("West") with a third-party document subpoena for a matter arising out of New Jersey (the "Motion to Compel"). On January 11, 2023, Defendants originally filed in the District

---

[1] Prior counsel for Defendants had failed to advise Defendants of the Court's Minute Order which was filed immediately preceding the replacement of prior counsel.

of New Jersey an informal application (NJ ECF #53) (the "Application") to compel West's compliance with the subject subpoena before the presiding New Jersey Federal Magistrate Judge (Judge Rukhsanah L. Singh) ("Judge Singh"). Defendants served the Application on West who quickly responded to the Motion to Compel on or about January 12, 2023, with an email to Judge Singh. Thereafter, on or about January 19, 2023, Defendants filed a Reply (NJ ECF #56). As a result of Defendants' filings and West's email submission, by Letter Order, dated February 21, 2023 (the "Letter Order"), Judge Singh denied the Application *without* prejudice. (Attached as **Exhibit A** is the New Jersey Letter Order declining the application).

Judge Singh ruled in the Letter Order that the New Jersey District Court could not rule on the Motion to Compel because, pursuant to the Fed. R. Civ. P. 37(a)(2) and 45(d), the issue of a third-party's compliance with a subpoena had to first be "presented to a court within" the District of Columbia where compliance was required, regardless of whether West was consenting to the jurisdiction of the District of New Jersey.

Accordingly, after the issuance of the Letter Order, Defendants, through prior counsel, filed the Motion to Compel in this Court complying with the Letter Order and seeking either (i) the transfer of this matter back to the District of New Jersey for resolution by Judge Singh because Her Honor has been managing all discovery-related litigation in this matter, or, in the alternative, (ii) to order West to produce all documents responsive to Defendants' request (as set forth in detail in the Motion to Compel and supporting exhibits, including the subpoena at issue). Although the Motion to Compel was served on West at the same email address that West was corresponding with Judge Singh, West has failed to respond to the Motion to Compel.

For the foregoing reasons, and in direct response to the query posed by the Minute Order, Defendants respectfully request that this Court transfer this matter back to the District of New

Jersey (i) because West has agreed to the jurisdiction of the District of New Jersey, (ii) because that court has the most knowledge of the ongoing discovery issues related to the compliance by West of the subject subpoena, and has been managing all discovery-related matters in the underlying litigation, and (iii) because West has failed to submit any filing to this Court after having been served a copy of the Motion to Compel.

      Defendants therefore contend that the District of New Jersey remains the most capable and efficient court to resolve the issues raised by the Motion to Compel, and therefore, respectfully request that this Court enter the proposed form of Order submitted with the Motion to Compel.

Respectfully submitted,

**ARNALL GOLDEN GREGORY LLP**

*/s/ Jeffrey S. Jacobovitz*
Jeffrey S. Jacobovitz (DC Bar: #346569)
2100 Pennsylvania Avenue NW, Suite 350S
Washington, DC 20037
Telephone:  202.677.4030
Facsimile:   202.677.4031

**Attorneys for Petitioners**

Dated: May 25, 2023

**Of Counsel (to be admitted** *pro hac vice*)**:**

**KROVATIN NAU LLC**
Gerald Krovatin, Esquire
(NJ Attorney No. 024351977)
60 Park Place, Suite 1100
Newark, New Jersey 07102
gkrovatin@krovatin.com

**MCCABE LAW GROUP, LLC**
Gerard M. McCabe, Esquire
(PA Attorney No. 66564)
42 Hawkswell Circle
Oreland, PA 19075
gmccabe@mccabe.law

# **EXHIBIT A**

Letter Order

(dated February 21, 2023)

(Judge Rukhsanah L. Singh)

(District of New Jersey)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**RUKHSANAH L. SINGH**<br>**UNITED STATES MAGISTRATE JUDGE** | CLARKSON S. FISHER BLDG. &<br>U.S. COURTHOUSE<br>402 E. STATE STREET<br>TRENTON, NJ 08608<br>(609) 989-0502 |

February 21, 2023

**LETTER ORDER**

Re: *SECS. & EXCH. COMM'N v. PRINCETON ALT. FUNDING, LLC, et al.*
    **Civil Action No. 21-12971 (ZNQ) (RLS)**

Dear Counsel:

Currently pending before the Court is an informal application by Defendants Princeton Alternative Funding, LLC, MicroBilt Corporation, Philip N. Burgess, Jr., Walter Wojciechowski, and John Cook, Jr. (collectively, "Defendants") to Compel Third-Party Lawrence West ("West") to Comply with a Third-Party Document Subpoena, (the "Application"). (Dkt. No. 53). On January 12, 2023, West responded, via email, to the Application, to which Defendants replied, (Dkt. No. 56). The Court has fully reviewed the submissions of the parties and considers the Application without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rules 37.1(b)(4) and 78.1(b). For the reasons set forth below, Defendants' Application is hereby DENIED.

As the parties are familiar with the facts and claims at issue, only a brief background is provided herein. This action arises out of allegations by Plaintiff Securities and Exchange Commission that Defendants violated Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5. (*See generally* Dkt. No. 1). The parties are currently engaged

1

in discovery. On or about October 3, 2022, through the Maryland Department of Taxation, Defendants served West, an individual with an address in Washington, D.C., with a subpoena *duces tecum* (the "Subpoena"), seeking the production of documents at a location in Washington, D.C. (*See* Dkt. No. 53 at p. 1; Dkt. No. 53-2).

It appears that Defendants and West dispute the request in the Subpoena that seeks, *inter alia*, "[a]ny and all documents between West and Robert Farrell and/or Robert Szostak in connection with Ranger [and Defendants]." (Dkt. No. 53 at pp. 1-2; Dkt. No. 53-2 at p. 6). West objects to producing documents and communications responsive to that request based on attorney client privilege. (*See* West Ltr. to Hon. Rukhsanah L. Singh, Jan. 12, 2023). Defendants disagree that the privilege is applicable, and on January 11, 2023, filed the instant Application, seeking this Court to compel West's compliance with the Subpoena. (*See* Dkt. No. 53).

As the parties are aware, Rules 37 and 45 of the Federal Rules of Civil Procedure provide mechanisms by which a court may compel discovery from a third-party or quash or modify a subpoena. *See* Fed. R. Civ. P. 37(a)(2), 45(d). However, such applications are to be presented in a court within "the district where compliance is required," Fed. R. Civ. P. 45(d)(3), or "in the court where the discovery is or will be taken," Fed. R. Civ. P. 37(a)(2). If the court where compliance is required did not issue the subpoena, that court may transfer a motion related to the subpoena in certain instances. Fed. R. Civ. P. 45(f).

Here, the subpoena at issue seeks compliance and discovery within the District of Columbia, not in the District of New Jersey. Fed. R. Civ. P. 37(a)(2), 45(d). As such, disputes as to the Subpoena must first be presented to a court within that District. Indeed, the comments to Federal Rule of Civil Procedure 45(f) reflect that the intent of having disputes presented to a court

2

where is compliance is required is aimed "[t]o protect local nonparties." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. While the Court is cognizant that the instant Application arises as an informal discovery dispute and efficiencies may arise through having this Court address the dispute, the Court is bound by the Federal Rules of Civil Procedure and therefore finds the Application not properly presented in this Court.

Accordingly, for the reasons set forth above,

**IT IS**, **THEREFORE**, on this 21st day of February 2023,

**ORDERED** that Defendants' Application to Compel Third-Party Lawrence West to Comply with a Third-Party Document Subpoena (Dkt. No. 53) is hereby **DENIED** without prejudice; such disputes may be presented in the proper forum.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2023, I electronically filed the foregoing Status Report with the Clerk of the Court for the United States District Court for the District of Columbia using the CM/ECF system, and served a copy of that document, as filed, on the following persons:

James E. Smith
smithja@sec.gov
Counsel for Plaintiff

Lawrence West
Law.west@gmail.com

                                      */s/ Jeffrey S. Jacobovitz*