# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRINCETON ALTERNATIVE FUNDING, LLC, *et al.* <br><br> *Petitioners*, <br><br> v. <br><br> SECURITIES AND EXCHANGE COMMISSION <br><br> *Respondent*. | Miscellaneous Action No. 23-25 (TJK) |

## ORDER

Before the Court is Defendants' motion to compel third party Lawrence West's compliance with a document subpoena or else transfer the motion. ECF No. 2. For the following reasons, the Court will grant Defendants' motion as far as it seeks transfer to the U.S. District Court for the District of New Jersey under Federal Rule of Civil Procedure 45(f).

\*   \*   \*

In June 2021, the Securities and Exchange Commission sued Defendants in the U.S. District Court for the District of New Jersey for allegedly "solicit[ing] investors to purchase limited partnership interests . . . through materially false and misleading statements." ECF No 2-2 at 2. That matter is currently in discovery, over which Magistrate Judge Rukhsanah L. Singh presides. Defendants successfully served West, a consultant in the District of Columbia, with a document subpoena in October 2022. West made an initial production in January 2023 but claimed that the attorney-client privilege protects responsive documents to one of Defendants' requests. *See id.* at 4.

Although Defendants first moved to compel West's compliance with the subpoena before Judge Singh, the court denied their motion without prejudice because "the subpoena at issue

[sought] compliance and discovery within the District of Columbia, not in the District of New Jersey." ECF No. 4 at 6 (citing Fed. R. Civ. P. 37(a)(2), 45(d)).

On March 17, 2023, Defendants moved in this Court to compel West's compliance with the subpoena issued in New Jersey. ECF No. 2. But they also requested that the Court refer the matter back to the District of New Jersey. *Id.* at 1. When no party responded to the motion, which Defendants represent they served on West, *see* ECF No. 2-18, the Court ordered Defendants to file a status report. *See* Minute Order of May 3, 2023. Defendants did so on May 25. Upon consideration of Defendants' motion and status report, ECF Nos. 2, 4, the Court will grant their motion as far as it seeks transfer back to the District of New Jersey.

*     *     *

Federal Rule of Civil Procedure 45 provides that any subpoena "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). If the serving party is unsatisfied with the response to a subpoena, it "may move the court for the district where compliance is required for an order compelling production or inspection." *Id.* 45(d)(2)(B)(i). Then, if that court "did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." *Id.* 45(f).

Without consent, "the proponent of transfer bears the burden of showing that [exceptional] circumstances are present." Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment. "The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." *Id.* But "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation." *Id.* To that end, courts in this district "have considered 'the complexity, procedural posture, duration of pendency, and the nature of the issues pending

before, or already resolved by, the issuing court in the underlying litigation,'" as well as "the goals of judicial economy and the avoidance of inconsistent results." *Flynn v. FCA U.S. L.L.C.*, 216 F. Supp. 3d 44, 46 (D.D.C. 2016) (quoting *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)).

This Court may treat Defendants' motion as conceded by West and transfer the matter to the District of New Jersey. *See* Local Civil Rule 7(b) ("If [a memorandum in opposition to a motion] is not filed within [14 days of the date of service], the Court may treat the motion as conceded."). But even if West had responded and had refused consent to transfer under Rule 45(f)'s consent provision, the Court would find exceptional circumstances warranting transfer of Defendants' motion to compel to the District of New Jersey. Defendants explain that the underlying litigation is "decidedly complex, with nearly one hundred witnesses having been identified in the parties' initial disclosures, millions of records produced in discovery, and a significant record of closely related litigation over other discovery matters." ECF No. 2-2 at 10–11. Judge Singh has purportedly already handled similar discovery-related motions, and the resolution of this motion implicates ongoing mediation efforts. *See id.* In these circumstances, the interests of judicial economy and avoiding disruption to complicated case management strongly favor transfer. *See In re UBS Fin. Servs., Inc. of P.R. Sec. Litig.*, 113 F. Supp. 3d 286, 288 (D.D.C. 2015) (finding exceptional circumstances warranting transfer in a complex securities matter). And the Court sees little risk of unduly burdening West by requiring him to litigate the motion in the District of New Jersey, where he responded to the first such motion Defendants filed. *See* ECF No. 4 at 2.

\* \* \*

For these reasons, it is hereby **ORDERED** that Defendants' Motion to Compel or Transfer, ECF No. 2, is **GRANTED IN PART** as far as it seeks to transfer the matter back to the U.S. District Court for the District of New Jersey.

It is further **ORDERED** that the Clerk of Court shall transfer this case to the U.S. District Court for the District of New Jersey.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 6, 2023